LUCIUS P. ROYS *vs.* WILLIAM F. JOHNSON & others.

An actor may maintain an action for his services in an unlicensed theatrical exhibition, unless it appears that he knew that his employer had no license.

METCALF, J.   It is agreed by the parties that the plaintiff performed for the defendants the services for which he now seeks to recover payment, and that they have not paid him.   It is for them, therefore, to show that he is not entitled to recover.   This, in our opinion, is not shown by the statement of facts submitted to us.   It appears, indeed, from that statement, that the defendants, without a license, set up theatrical exhibitions, in which they employed the plaintiff as an actor ; and it follows, of course, that they thereby violated the law, and subjected themselves to punishment.   But it does not appear that the plaintiff knew that they had no license.   Unless he knew that fact, he is in no legal fault; and where a defendant is the only person who has violated the law, he cannot be allowed to take advantage of his own wrong, to defeat the rights of a plaintiff who is innocent.

In the cases cited by the defendants' counsel, where defences were sustained because the claims were void for illegality, the parties suing knew, or were bound to know, that they or the parties sued were violating or undertaking to violate the law. And this distinguishes all those cases, as well in law as in common justice, from the case at bar; as was held in *Bloxsome* v. *Williams*, 3 B. & C. 232.   In that case, a suit was brought to recover damages for breach of a warranty of a horse sold to the plaintiff on Sunday.   The defence was, that the contract was void within *St.* 29 Car. 2, which prohibits worldly labor, business or work, in the exercise of one's ordinary calling.   It appeared that the defendant's ordinary calling was that of a dealer in horses, and therefore that he had violated the statute by selling and warranting the horse ; but that dealing in horses was not the plaintiff's ordinary calling, and therefore that he had not violated the statute by purchasing the horse and taking a warranty. But, as the case states, there was no evidence that the plain-

tiff knew that the defendant was by trade a horsedealer at the time the bargain was entered into. The court held that the defendant was answerable for the breach of his contract. Bayley, J., said : " The defendant was the person offending, within the meaning of the statute, by exercising his ordinary calling on the Sunday. · He might be thereby deprived of any right to sue upon a contract so illegally made ; and upon the same principle any other person knowingly aiding him in a breach of the law, by becoming a party to such a contract, with the knowledge that it was illegal, could not sue upon it. But in this case, the fact that the defendant was a dealer in horses was not known to the plaintiff. He, therefore, has not knowingly concurred in aiding the defendant to offend the law ; and that being so, it is not competent to the defendant to set up his own breach of the law as an answer to this action." See report of the same case in 5 D. & R. 82, and a recognition of the doctrine of that case in *Fennell* v. *Ridler*, 8 D. & R. 207, 208, and 5 B. & C. 409, and also in *Begbie* v. *Levy*, 1 Tyrwh. 131, and 1 Cr. & Jerv. 183.

It is to be noticed that in the case of *Bloxsome* v. *Williams*, it was said that it was not known to the plaintiff that the defendant was a dealer in horses, because there was no evidence that he knew it. In the present case, we treat the plaintiff as not knowing that the defendants had no license, because the statement of facts does not show that he knew it.

It is ignorance of a fact, and not of the law, that saves the plaintiff's case. He undoubtedly knew, or was bound to know, that unlicensed theatrical exhibitions were unlawful; but he was not bound to know that the defendants had no license and were doing unlawful acts. *Judgment for the plaintiff.*

*L. J. Fletcher*, for the plaintiff.

*W. S. Gardner*, for the defendants, cited Rev. Sts. *c.* 58, §§ 1, 2 ; Chit. Con. (8th Amer. ed.) 569 *& seq.*, 597 *& seq.; Wheeler* v. *Russell*, 17 Mass. 258 ; *Gallini* v. *Laborie*, 5 T. R. 242 ; *Lightfoot* v. *Tenant*, 1 Bos. & Pul. 551 ; *Law* v. *Hodson*, 11 East, 300 ; *De Begnis* v. *Armistead*, 10 Bing. 107 ; *Ewing* v. *Osbaldiston*, 2 Myl. & C. 53.